Caruthers, J.,
delivered the opinion of the Court.
This bill was filed under the insolvent laws, against the creditors, for the administration of the estate of Sherod M. Kee-ton, by his administrator. It is brought before us upon a single question, in relation to the claims of Eldridge against the estate, on his appeal from the decree of the Chancellor.
The debt to Eldridge was the consideration for a tract of land sold to Keeton, a short time before his death, for which he held a bond for title, upon the payment of the price. This debt, amounting to $2,479.40, according to the report of the Master, was declaréd to be a lien upon the land, and for the satisfaction of which it was decreed to be sold, and was sold *362 for $2,340, and bought by Eldridge, leaving a balance due to him as a creditor. It was insisted by the other creditors, and so held by the Chancellor, that Eldridge should be postponed in the distribution of the assets, as to the balance of his claim, until the other general creditors should be made equal with him, in proportion to the amount of their debts, respectively. That is, that he should account for the $2,340, before he could receive any more of the assets. In this, we think his Honor erred. It would deprive this creditor of the legal advantage of his lien, and place him on the same footing with the general creditors.
We have settled, in the case in 1 Sneed, 354, that the statutes regulating the distribution of insolvent estates, were not intended to affect liens, upon any part of the property of the estate, acquired and. fixed in the lifetime of the deceased. These rights continue as if there had been no death, and no statutes on the subject, so far as their priority of satisfaction is concerned. The property on which the lien exists, goes into the estate incumbered with the lien debts. Or more correctly speaking, it is only what remains after the discharge of the incumbrance, that goes into the fund for distribution.
Erom this, it must necessarily follow, that the appropriation of the property to the satisfaction of the debt for which it is bound, cannot in any way affect the rights of the favored creditor to participate equally, as to any other debt he may have, in a fro rata distribution of the assets, with all other general creditors. His remaining claim is as meritorious as theirs, and can in no way be affected by the enforcement of his distinct, independent right of lien.
Another question is suggested in relation to $1,100 of the debt of Eldridge. When the trade was made, Keeton was to pay $1,100 of the $2,500, in a negro woman; but afterwards, and before the delivery of the slave, it was agreed that that part of the trade should be rescinded, and the said sum of $1,100 was included in a separate note, which contained this clause, “ This note is given for land, and the same is to stand *363 bound for the purchase money.” There can be no doubt but that this was as much a lien upon the land, as the note for the other portion of the consideration, or, as if it had been given in the first instance.
The decree on the point presented will be reversed, and the case remanded.